UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| United States of America ex rel.<br>GREGORY DABBS,<br><br>    Plaintiff,<br><br>    v.<br><br>S.A. GODINEZ,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 11-1317<br>)<br>)<br>)<br>) |

## **O R D E R**

Before this Court are Petitioner, Gregory Dabbs' ("Dabbs") Petition for Writ of Habeas Corpus [#1] pursuant to 28 U.S.C. § 2254 and Defendant, S.A. Godinez's Answer [#15]. For the following reasons the Petition [#1] is DENIED.

Dabbs filed this petition while in custody at Lawrence Correctional Center. He has since been released. Dabbs was convicted in the Circuit Court of Tazewell County of one count of domestic battery against his live-in girlfriend for allegedly pinning her down, pouring water on her, dragging her into a bathroom and threatening to kill her. When she reported the incident, officers noticed bruises on her arms and that she had a black eye. During the trial, the State introduced evidence of a prior conviction of Dabbs for domestic battery against his ex-wife, pursuant to 725 ILCS 5/115-7.4, which allows the admission of prior acts of domestic violence during prosecution of a domestic battery. The only requirements for admission is that the State must give reasonable notice of its intent to introduce such evidence and the trial court must find the probative value outweighs the prejudicial value. The evidence admitted pursuant to that section was that Dabbs had become very intoxicated and struck his ex-wife with a belt.

On direct appeal, Dabbs argued that 725 ILCS 5/115-7.4 was unconstitutional in that it violated his right to due-process and equal protection. The Illinois Court of Appeals, Third District, affirmed the conviction and Dabbs filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court which made the same argument. On November 18, 2010, the Illinois Supreme Court affirmed finding that 725 ILCS 5/115-7.4 did not violate due process and that Dabbs had forfeited his equal protection argument by failing to adequately argue it in his brief. Dabbs petitioned for a writ of certiorari in the United States Supreme Court which was denied on April 25, 2011. Petitioner then filed this Petition arguing (in no particular order): (1) 725 ILCS 5/115-7.4 violates his due process by allowing propensity evidence and defeating the presumption of innocence; (2) the statute violates his right to due process and equal protection; (3) his right to confront witnesses was violated; (4) the statute subjects him to double jeopardy; (5) the Federal Rules of Evidence that allow admission of other-crimes evidence do not apply to domestic violence convictions; (6) admission of prior-crimes evidence subjects him to excessive punishment for prior-crimes.

Before considering the merits of a petition for writ of habeas corpus brought under 28 U.S.C. § 2254, a district court must consider whether the petitioner has exhausted all available state remedies. If the answer to this question is "no" the petition is barred for failure to exhaust state remedies. Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.), *cert. denied*, 112 S.Ct. 387 (1991); Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied*, 109 S.Ct. 1648 (1989). In other words, if a petitioner fails to give the state courts a full and fair opportunity to review his claims, then his petition must fail. Bocian v. Godinez, 101 F.3d 465, 468-69 (7th Cir. 1996).

Section 2254 provides that "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of

the State ...."  28 U.S.C. § 2254(b).  Exhaustion occurs when federal claims have been presented to the highest state court for a ruling on the merits or when the claims could not be brought in a state court because no remedies remain available at the time the federal petition is filed.  Farrell, 939 F.2d at 410; Boerckel v. O'Sullivan, 135 F.3d 1194, 1196 (7th Cir. 1998), rev'd on other grounds, O'Sullivan v. Boerckel, 526 U.S. 838, 845 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement).  Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

> Procedural default occurs when a claim could have been but was not presented to the state court and cannot, at the time the federal petition is filed, be presented to the state court. Resnover v. Pearson, 965 F.2d 1453, 1458 (7th Cir. 1992).  This occurs in one of two ways.  First, a procedural default may occur when a petitioner fails to pursue each appeal required by state law, Jenkins v. Gramley, 8 F.3d 505, 507-08 (7th Cir. 1993), or when he did not assert the claim raised in the federal habeas petition in the state court system.  Resnover, 965 F.2d at 1458-59.  The second way in which a petitioner may procedurally default a claim is when a state court disposes of the case on an independent and adequate state law ground, regardless of whether that ground is substantive or procedural.  Coleman v. Thompson, 501 U.S. 722, 729-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  A state law ground is independent when the court actually relied on the procedural bar as an independent basis for its disposition of the case.  U.S. v. ex rel. Bell v. Pierson, 267 F.3d 544, 556 (7th Cir. 2001).  Additionally, a state law ground is deemed adequate when it is a firmly established and regularly followed state practice at the time it is

applied.  Franklin v. Gilmore, 188 F.3d 877, 882 (7th Cir. 1999).

With respect to claims that are not barred either for failure to exhaust or procedural default, federal courts must employ a strict analysis.  A petition must be denied with respect to any claim previously adjudicated on the merits in a state court unless the decision of the state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See also* Lindh v. Murphy, 96 F.3d 856, 868-71 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059 (1997).

Subsection (d)(1) instructs that Supreme Court precedent governs legal questions.  Id. at 869.  In resolving mixed questions of law and fact, relief is unavailable unless "the state's decision reflects an unreasonable application of the law," meaning federal courts are to have a hands-off attitude unless the state court judgment is premised on an unreasonable error.  Id. at 870 (internal quotation marks omitted).  A responsible, thoughtful decision that is made after a full opportunity to litigate suffices, "even if it is wrong."  Id. at 871, 876-77.  Subsection (d)(2) pertains to a decision constituting an unreasonable determination of the facts, and, according to 28 U.S.C. § 2254(e)(1), factual issues are presumed to be correctly resolved.  A petitioner must rebut this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Federal review is barred for claims that are procedurally defaulted unless the petitioner can demonstrate cause and prejudice.  Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 1572-73 (1982); Farrell v. Lane, 939 F.2d 409, 411 (7th Cir. 1991), *cert. denied*, 112 S.Ct. 387 (1991).

Cause sufficient to excuse procedural default is "some objective factor external to the defense" which prohibits him from pursuing his constitutional claim in state court. Murray v. Carrier, 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.29 397 (1986). Review in federal court is also possible if a fundamental miscarriage of justice would otherwise occur in that a constitutional error probably resulted in the conviction of someone who is actually innocent. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 864-67 (1995). A fundamental miscarriage of justice occurs when a petitioner establishes "a constitutional violation has probably resulted in the conviction of one who is actually innocent. Murray, 477 U.S. at 496.

      To begin, Petitioner's claim that the statute violated his equal protection rights has been procedurally defaulted. Failure to comply with the State's procedural rules is an independent and adequate state ground and bars federal habeas review as long as the last State court to review the case actually relied on the grounds for its judgment. Pole v. Randolph, 570 F.3d 922, 937 (7th Cir. 2009). Petitioner failed to develop that argument in his PLA and the Illinois Supreme Court held that Petitioner had forfeited the argument pursuant to Illinois Supreme Court Rule 341(h)(7) for failing to develop it in his brief or during oral argument. Here, the Illinois Supreme Court explicitly stated that based on Petitioner's failure to include argument on the issue, it was considered abandoned. Accordingly, because it was actually relied upon, the argument is procedurally defaulted.

      Furthermore, Petitioner has procedurally defaulted his claims that his right to confront witnesses was violated and that the statute subjects him to double jeopardy because he did not present them for one complete round of state review by failing to include them in his appeals. O'Sullivan, 526 U.S. at 845. As previously mentioned, procedural default may be excused if Petitioner can show cause and prejudice. Here, Petitioner does not argue cause and prejudice as

to any of the procedurally defaulted claims, and none is apparent from the record. The same is true with respect to a fundamental miscarriage of justice, none is apparent nor has it been alleged. Accordingly, because there is no cause and prejudice nor has there been a fundamental miscarriage of justice, these claims are procedurally defaulted and will not be examined by this Court.

Petitioner claims his due process rights were violated by the admission of evidence of prior crimes in order to show propensity. Habeas corpus proceedings are designed to remedy state court decisions that resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). Here, the Supreme Court has reserved ruling on whether admission of evidence of other crimes would violate due process and as a result, admission of such evidence does not violate "clearly established" law. See Estelle v. McGuire, 502 U.S. 62, 75 n.5 (1991)("we express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime."); Wright v. Van Patten, 552 U.S. 120, 126, 128 S.Ct. 734, 169 L.Ed.2d 583 (2008)(because Supreme Court cases give no clear answer to the question presented, it cannot be said that it violates clearly established federal law within the meaning of 28 U.S.C. §2254(d)(1)). Accordingly, admission of prior crimes evidence does not meet either of the standards as set forth in 28 U.S.C. §2254(d)(1).

Petitioner's next claim is that the trial court's admission of prior crimes evidence, subjected him to excessive punishment. A review of the record indicates that Dabbs was convicted of a class 4 felony of domestic battery, enhanced from a misdemeanor because of a

prior conviction for the same offense. The term of imprisonment for violation of a class 4 felony in Illinois is 1-3 years and he was sentenced to 3 years in the Illinois Department of Corrections. A sentence within the prescribed range is generally not reviewed, and if it is reviewed, it is examined for an abuse of discretion. <u>Henry v. Page</u> 223, F.3d 447, 482 (7th Cir. 2000). Because his sentence was within the prescribed range, and because it is clearly not an abuse of discretion, there is no constitutional violation.

For the foregoing reasons, the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 [#1] is DENIED.

ENTERED this 1st day of April, 2013.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge